IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FARM CREDIT OF THE VIRGINIAS, A.C.A.,

    Plaintiff,

v.                                                 Civil Action No. 2:18-cv-71
                                               Honorable John Preston Bailey, Judge

JAMES W. WALLACE and
MARY P. WALLACE,

    Defendants.

## JUDGMENT ORDER

Before the Court is plaintiff, Farm Credit of the Virginias, A.C.A.'s ("**Farm Credit**") Motion for Default Judgment Against Defendants James W. Wallace and Mary P. Wallace (the "**Motion**"). In the Motion, Farm Credit has requested that this Court enter an Order granting Farm Credit default judgment against defendants, James W. Wallace and Mary P. Wallace (collectively, the "**Defendants**"), jointly and severally, in a sum certain amount of $438,703.34, plus interest on the unpaid balances of Note 7 and Note 8 (as those terms are defined below) at the *per diem* rates specified below from December 4, 2018, to the date of the entry of this Order, as well as court costs, and post-judgment interest at the rate prescribed by statute. Upon proper and timely notice to all parties in interest, and upon consideration of the Motion and the remainder of the record in this matter, the Court makes the following **FINDINGS OF FACT AND CONCLUSIONS OF LAW**:

## FINDINGS OF FACT

1. Farm Credit is an agricultural credit association and part of the Farm Credit System, a nationwide network of cooperative lending institutions created pursuant to federal law. Farm Credit's principal office is 106 Sangers Lane, Staunton, Virginia 24401, and Farm Credit is a citizen of Virginia for jurisdictional purposes pursuant to 12 U.S.C. § 2258.

2. Defendants are residents of Randolph County, West Virginia.

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity among the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district.

5. On January 20, 2017, Defendants executed a Fixed Rate Note payable to Farm Credit in the original principal amount of One Hundred Fifty-Nine Thousand One Hundred Fifty and 00/100 Dollars ($159,150.00) ("**Note 7**").

6. Note 7 matured on January 1, 2018 (the "**Note 7 Maturity Date**").

7. Defendants defaulted on Note 7 by failing to tender the final installment payment on the Note 7 Maturity Date, and a notice outlining Defendants' right to restructure Note 7 (the "**Borrowers' Rights Notice**") was sent to Defendants on January 26, 2018.

8. Defendants failed to exercise their right to restructure Note 7. As a result, Defendants remained in default on Note 7, and Farm Credit sent Defendants a notice of default and right to cure on March 27, 2018 (the "**Note 7 Default Notice**").

9. Defendants failed to cure their default, and pursuant to the terms of Note 7, Farm Credit demanded immediate payment of the entire unpaid balance due and payable thereunder.

10. On April 18, 2018, Farm Credit notified Defendants of its demand that Defendants immediately pay the entire unpaid balance due and payable under Note 7 (the "**Note 7 Demand Notice**").

11. Defendants did not repay the indebtedness evidenced by Note 7 after receiving the Note 7 Demand Notice.

12. The indebtedness due and owing to Farm Credit under Note 7 as a result of the Defendants' default is as follows:

    a. unpaid principal in the amount of $155,758.38;

    b. interest accrued through December 4, 2018 of $7,555.71;

    c. late fees of $30.00;

    d. pre-judgment interest from December 4, 2018 through the date of judgment at the rate of $22.4036 *per diem*; and

    e. post-judgment interest as allowed by West Virginia law.

13. On April 7, 2017, Defendants made and executed a Revolving Variable Rate Note, payable to Farm Credit in the original principal amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) ("**Note 8**").

14. Note 8 matured on October 1, 2017 (the "**Note 8 Maturity Date**").

15. Defendants defaulted on Note 8 by failing to tender the final installment payment on the Note 8 Maturity Date, and the Borrowers' Rights Notice was sent to Defendants on January 26, 2018.

16. Defendants failed to exercise their right to restructure Note 8. As a result, Defendants remained in default on Note 8, and a notice of default and right to cure (the "**Note 8 Default Notice**") was sent to Defendants on March 27, 2018.

17. Defendants failed to cure their default, and pursuant to the terms of Note 8, Farm Credit demanded immediate payment of the entire unpaid balance due and payable thereunder.

18. On April 18, 2018, Farm Credit notified Defendants of its demand that Defendants immediately pay the entire unpaid balance due and payable under Note 8 (the "**Note 8 Demand Notice**").

19. Defendants did not repay the indebtedness evidenced by Note 8 after receiving the Note 8 Demand Notice.

20. The indebtedness due and owing to Farm Credit under Note 8 as a result of the Defendants' default is as follows:

   f. unpaid principal in the amount of $249,999.80;

   g. interest accrued through December 4, 2018 of $25,304.49;

   h. late charges of $30.00;

   i. NSF fees of $25.00;

   j. pre-judgment interest from December 4, 2018 through the date of judgment at the rate of $45.494463 *per diem*; and

   k. post-judgment interest as allowed by West Virginia law.

21. Farm Credit initiated this civil action by filing its Complaint on July 25, 2018.

22. The Complaint was personally served on Defendant James Wallace on September 12, 2018, and on Defendant Mary Wallace on October 5, 2018.

23. Defendants failed to serve an answer or otherwise respond to the Complaint within twenty-one (21) days after being served with the Summons and Complaint as required by Rule 12(a) of the Federal Rules of Civil Procedure.

24. As a result, on November 15, 2018, the Clerk entered default against all Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## CONCLUSIONS OF LAW

25. Rule 55(b)(1) of the Federal Rules of Civil Procedure provides that:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person

Fed. R. Civ. P. 55(b)(1).

26. The term "sum certain" refers to circumstances where "the amount due cannot be reasonably disputed, is settled with respect to amount, ascertained and agreed upon by the parties, or fixed by operation of law." Farm Family Mut. Ins. Co. v. Thorn Lumber Co., 202 W. Va. 69, 74, 501 S.E.2d 786, 791 (1998). Notably, where "the damages sought by the party moving for a default judgment are sum certain, or an amount which can be rendered certain by calculation, no evidentiary hearing on damages is necessary." Id. at 73, 501 S.E.2d at 790.

27. While the court may conduct an evidentiary hearing to determine damages on a motion for default judgment, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC, 958 F.Supp.2d 588 (D.Md. 2013); see also U.S. Commodity Futures Trading Com'n v. PMC Strategy, LLC, 903 F.Supp.2d 368 (W.D.N.C. 2012) (Although court must make an independent determination regarding damages following default, an

evidentiary hearing is not required; rather, court may rely on affidavits or documentary evidence in the record to determine appropriate sum.)

28. The amounts due and owing pursuant to the terms of Note 7 and Note 8 are readily calculable and are supported by the Affidavit of Patricia L. Botkin, attached to the Motion as Exhibit H.

Accordingly, it is **ADJUDGED, ORDERED** and **DECREED** that the defendants, James W. Wallace and Mary P. Wallace, are jointly and severally liable to the plaintiff, Farm Credit of the Virginias, A.C.A., on all claims set forth in the Complaint, and the plaintiff is entitled to a judgment therefor. Judgment is awarded in favor of the plaintiff, Farm Credit of the Virginias, A.C.A., and against the defendants, James W. Wallace and Mary P. Wallace, jointly and severally, for the total sum of:

1. Four Hundred Thirty-Eight Thousand Seven Hundred Three and 34/100 Dollars ($438,703.34), representing the unpaid balances of Note 7 and Note 8 as of December 4, 2018;

2. Prejudgment interest on Note 7 at the *per diem* rate of $22.4036 from December 4, 2018, until the date of the entry of this Order;

3. Prejudgment interest on Note 8 at the *per diem* rate of $45.494463 from December 4, 2018, until the date of the entry of this Order;

4. Post-judgment interest on the foregoing amount at the statutory rate from the date of the entry of this Order until satisfied; and

5. Court costs.

The Clerk of this Court is hereby **DIRECTED** to calculate the court costs and enter judgment accordingly.

The Clerk is hereby **FURTHER DIRECTED** to forward a copy of this Order to counsel of record by the ECF filing system, and to transmit certified copies of this Order to the following:

    Mr. James W. Wallace  Ms. Mary P. Wallace
    8323 Back Road     8323 Back Road
    Beverly, WV 26253   Beverly, WV 26253

ENTER this 13th day of December 2018.

John Preston Bailey
United States District Judge

**PREPARED BY:**

/s/ *W. Eric Gadd*
W. Eric Gadd (WVSB # 9377)
Spilman Thomas & Battle, PLLC
1233 Main Street, Suite 4000
P.O. Box 831
Wheeling, WV 26003
Telephone: (304) 230-6977
Fax: (304) 230-6951
egadd@spilmanlaw.com

*Counsel for Plaintiff*